[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATE OF CONNECTICUT: MACK YOUNG DATE OF SENTENCE: JULY 11, 1997 DATE OF APPLICATION: JULY 11, 1997 DATE OF DECISION: MAY 28, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Hartford, Docket No. CR96-485064.
Victor Carlucci, Esq. Counsel for the State
Fred DeCaprio, Esq. Counsel for the Petitioner
SENTENCE AFFIRMED.
 BY THE DIVISION
The jury returned a verdict of guilty against Mack Young, petitioner, to the charge of Murder (a violation of CGS § 53a-54a) which carries a potential sentence of not less than 25 years imprisonment up to life. A "life" sentence has been defined by our legislature as 60 years CT Page 7882 incarceration.
The trial court imposed a sentence of 55 years incarceration. It is this sentence petitioner seeks to have reviewed.
The record reveals that the jury could have reasonably found the following facts. The petitioner entered the apartment the victim shared with his girlfriend and headed directly for the victim who was sleeping in a rear bedroom. An argument ensued between the petitioner and the victim over a $10 debt purportedly owed by the victim to the petitioner for drugs. The petitioner left the apartment momentarily, made a statement to a colleague about being ready to murder for his money, then re-entered the apartment with a large folding knife and lunged at the victim with the knife. The wound inflicted by the petitioner proved to be fatal. The petitioner was apprehended 5 months later in Minnesota.
At the hearing before the Division counsel for the petitioner put forward his position that the 55 year sentence imposed is in the nature of a life sentence, that the facts of the case did not merit such a substantial sentence and the sentence was disproportionate to similar cases.
Counsel indicated that the petitioner's criminal history does not reflect serious violent behavior, but mostly drug type cases.
Counsel further indicated that the petitioner was friendly with the victim and that petitioner claims the killing was an accident in that the petitioner did not have the requisite intent. Counsel stressed that this is not the kind of case where the near maximum penalty is appropriate: i.e. not an act on a helpless victim or upon a stranger. Counsel further added that the petitioner expressed his genuine remorse throughout the proceedings.
Counsel indicated that the petitioner is not an incorrigible individual and merits a sentence somewhat in mid range of the leeway provided by the legislature. The court noted, says counsel, that the petitioner came back to answer the charges and the state acknowledges the return as a mitigating factor.
The petitioner addressed the Division and indicated that the incident could have been avoided, "if I used my head." Petitioner indicated he sees (victim) in my dreams everyday. "I've been learning things to make my life better . . . in order that I can be productive."
Counsel for the State countered by asserting that the event was not an accident, the defendant has an assaultive record and that the sentence, CT Page 7883 under all the circumstances, is reasonable.
A review of the petitioner's criminal history demonstrates a lengthy record of some approximately 12 misdemeanor convictions and 9 or 10 prior felony convictions. It appears that over the years sentences imposed for jail time, prison time and periods of probation apparently had no effect on deterring the petitioner's criminal behavior.
The homicidal act itself was unprovoked wherein the victim had just prior to the incident been in bed and was unarmed.
At sentencing the trial court succinctly said the petitioner "does pose a threat to society." T. July 11, 1997, p. 36. The trial court further noted that this homicide occurred some 12 days after the petitioner was placed on probation for a narcotics charge.
The court further states:
 "And I think that when one looks at the criminal history . . . I think it is clear that Mr. Young has shown very little, perhaps one could say absolutely, no respect for the law, authority, or for the standards of conduct necessarily imposed for the maintenance of an ordered society." (T. July 11, 1997, p. 39).
It is noteworthy that:
 "A human life was violently and viciously and mercilessly eradicated in a matter of minutes or perhaps even seconds . . ." (T. July 11, 1997, p. 40).
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
Based upon the extensive criminal record of petitioner and the CT Page 7884 unprovoked and "merciless" nature of the killing, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
 ___________________, J. Miano ___________________, J. Klaczak ___________________, J. Norko
Miano, J., Klaczak, J., and Norko, J., participated in this decision.